**EXHIBIT 1**

SUMMONS - CIRCUIT COURT                                                                                          3101 (Rev. 12/20)

| STATE OF ILLINOIS | UNITED STATES OF AMERICA<br>IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT | COUNTY OF DU PAGE |

**Leonita Bigos f/k/a Leonita Erickson, individually and on behalf of all other similarly situated,**

PLAINTIFF

vs

**MRS BPO, LLC d/b/a MRS Associates of New Jersey,**

DEFENDANT

### 2021L000597

**CASE NUMBER**

**DATE OF SERVICE**

TO BE INSERTED BY OFFICER ON COPY LEFT WITH DEFENDANT OR OTHER PERSON

## SUMMONS
### CIRCUIT COURT

File Stamp Here

☒ ORIGINAL ☐ ALIAS

To each Defendant: **MRS BPO, L.L.C., c/o Cogency Global Inc., Registered Agent, 600 S. Second St., Ste. 404, Springfield, IL 62704**

You are Summoned and Required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the Clerk of the Circuit Court, 505 N. County Farm Road, Wheaton, Illinois, within 30 days after service of this summons not counting the day of service.

If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

#### To the Officer

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than three (3) days before the date of remote appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than thirty (30) days after its date.

**WITNESS:**

Name: **Joseph P. Doyle**                           ☐ Pro Se

DuPage Attorney Number: **252656**

Attorney for: **Plaintiff**

Address: **105 S. Roselle Rd., Ste. 203**

City/State/Zip: **Schaumburg, IL 60193**

Telephone Number: **847-985-1100**

Email: **jdavidson@fightbills.com**

**CANDICE ADAMS,** Clerk of the Eighteenth Judicial Circuit Court, and the seal thereof, Wheaton, Illinois  **6/1/2021 11:27 AM**

Date

_Candice Adams_

Deputy Clerk  **LG**

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp or talk to your circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your local clerk for more information or visit www.illinoislegalaid.org.**

**NOTE:**

The filing of an appearance or answer with the Circuit Court Clerk requires a statutory filing fee, payable at the time of filing. If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a free waiver application.

If you need legal advice concerning your legal responsibility as a result of this summons being serviced upon you and you don't have a lawyer, you can call the DuPage Bar Association, Lawyer Referral Service at 630-653-9109.

**CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©**
**WHEATON, ILLINOIS 60187-0707**

SUMMONS - CIRCUIT COURT                                                    3101 (Rev. 12/20)

## SHERIFF'S FEES

Service and return ........................................................ $ _____

Miles _____ ............................................. $ _____

    **Total** ........................................................................ $ _____

                            Sheriff of _____ County

## SHERIFF'S RETURN

I certify that I served this summons on defendant as follows:

☐   (a)   (Individual - **personal**):
          By leaving a copy and a copy of the complaint with each individual as follows:

☐   (b)   (Individual - **abode**):
          By leaving a copy and a copy of the complaint at the usual place of abode of each individual with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and the complaint in a sealed envelope with postage fully prepaid, addressed to each individual at the usual place of abode, as follows:

☐   (c)   (Corporation):
          By leaving a copy and a copy of the complaint with the registered agent, officer, or agent of each corporation as follows:

☐   (d)   (Other service):

☐   (e)   (Unable to Serve):
          By _____ ,   Deputy Badge Number: _____

---

Name of Defendant_____

Name of Person
summons given to _____

Sex_____ Race_____ Approximate age_____

Place of service_____

City , State   _____

Date of service _____ Time_____

Date of Mailing _____

Special Process Server of_____

Name of Defendant _____

Name of Person
summons given to _____

Sex _____ Race _____ Approx. age _____

Place of service _____

City , State   _____

Date of service _____ Time _____

Date of Mailing _____

Sheriff of _____ County

County Illinois License #_____

By _____

**CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©**
**WHEATON, ILLINOIS 60187-0707**

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## DUPAGE COUNTY, ILLINOIS

LEONITA BIGOS f/k/a LEONITA
ERICKSON, individually, and on behalf
of all others similarly situated,

    Plaintiff,

v.

MRS BPO, LLC d/b/a MRS
ASSOCIATES OF NEW JERSEY,

    Defendant.

Case No. **2021L000597**

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 13518781
2021L000597
FILEDATE: 6/1/2021 11:27 AM
Date Submitted: 6/1/2021 11:27 AM
Date Accepted: 6/1/2021 3:07 PM
LG

### CLASS ACTION COMPLAINT

**NOW COMES** Plaintiff, LEONITA BIGOS f/k/a LEONITA ERICKSON, individually,

and on behalf of all others similarly situated, through undersigned counsel, complaining of

Defendant, MRS BPO, LLC d/b/a MRS ASSOCIATES OF NEW JERSEY, as follows:

### NATURE OF THE ACTION

1.    This action is seeking redress for Defendant's violation(s) of the Fair Debt

Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*

2.    Congress enacted the FDCPA in 1977, 91 Stat. 874, to eliminate abusive debt

collection practices, to ensure that debt collectors who abstain from such practices are not

competitively disadvantaged, and to promote consistent state action to protect consumers. 15

U.S.C. § 1692(e).

3.    The Act regulates interactions between consumer debtors and "debt collector[s],"

defined to include any person who "regularly collects … debts owed or due or asserted to be

owed or due another." §§ 1692a(5), (6).

1

4.    Among other things, the Act prohibits debt collectors from making false representations as to a debt's character, amount, or legal status, § 1692e(2)(A); communicating with consumers at an "unusual time or place" likely to be inconvenient to the consumer, § 1692c(a)(1); or using obscene or profane language or violence of the threat thereof, §§ 1692d(1), (2). *See generally* §§ 1692b-1692j; *Heintz v. Jenkins*, 514 U.S. 291, 292-293, 115 S. Ct. 1489, 131 L. ed. 2d 395 (1995).

5.    The Act is enforced through administrative actions and private lawsuits. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573, 577, 130 S. Ct. 1605 (2010).

## JURISDICTION AND VENUE

6.    This Court has personal jurisdiction pursuant to 735 ILCS 5/2-209.

7.    Venue is proper pursuant to 735 ILCS 5/2-101.

## PARTIES

8.    LEONITA BIGOS f/k/a LEONITA ERICKSON ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 743 East Maple Street, Lombard, Illinois 60148.

9.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10.    MRS BPO, LLC d/b/a MRS ASSOCIATES OF NEW JERSEY, ("Defendant") is a corporation organized and existing under the laws of the state of Pennsylvania.

11.    Defendant maintains a principal place of business at 3260 Tillman Drive, Suite 75, Bensalem, Pennsylvania 19020.

12.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

---

[1] "Since 1991, we've had a track record of best-in-class business controls and a deeply ingrained culture of customer service. All of our agents undergo rigorous training in the care/cure approach to collections, ensuring that they treat all of our customers with the utmost compassion and respect. Companies rest assured that our agents will represent

13.     Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## **FACTUAL ALLEGATIONS**

14.     Plaintiff entered into a wireless services contract with Verizon Wireless ("Verizon").

15.     Plaintiff did not pay the phone bills—causing Verizon to cancel her service.

16.     Following termination, Plaintiff's account remained unsettled.

17.     Pursuant to contract, Plaintiff's account was referred for collection.

**[SPACE LEFT INTENTIONALLY BLANK]**

---

their brands in a way that they will be proud of, while continuing to successfully and effectively recover debts." https://www.mrsbpo.com/home.html (last accessed June 1, 2021).

18.     Defendant mailed Plaintiff a letter, dated October 14, 2020 (the "Letter"), which

stated:

| CREDITOR: Verizon Wireless |
| --- |
| CREDITOR ACCT#: 0489xxxx0001 |
| MRS Account#: ███████ |
| Principal Balance: $1,980.26 |
| Verizon Collection Fees: $356.44 |
| **AMOUNT DUE: $2,336.70** |

Dear LEONITA D BIGOS,

We recognize that a possible hardship or pitfall may have prevented you from satisfying your obligation. We are presenting three options that will enable you to resolve your balance. We are not obligated to renew this offer.

Option 1: A monthly payment plan on the full balance of the account.

Option 2: You pay $794.48 in ONE PAYMENT to be received in this office on or before 10/29/2020.

Option 3: You make TWO PAYMENTS of $514.08 each. The first payment to be received in this office on or before 10/29/2020 and the second payment on or before 11/30/2020.

Payment may be made by calling 888-345-9213, mailing to the above address or by using our online payment website at https://portal.mrsbpo.com (internet connection required). If you have any questions or wish to discuss other arrangements, you may contact us. Make checks payment to Verizon.

Sincerely,

MRS Associates of New Jersey
888-345-9213
MRS Associates of New Jersey is a trade name of MRS BPO, LLC
Letter ID: LU7.6415319.9714385

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

*See* Exhibit A.

19.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

20.     The Letter demanded payment of both a "principal balance" of $1,980.26, and

"Verizon Collection Fees" of $356.44—totaling $2,336.70.

21.     Plaintiff's $2,336.70 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

22.     The Letter provides settlement offers; specifically, ranging from 56% to 66% off

the $2,336.70 balance.

23.     The Letter indicated "[y]ou pay $794.48 in ONE PAYMENT to be received in

this office on or before 10/29/2020."

4

24.     The Letter indicated "[y]ou make TWO PAYMENTS of $514.08 each.  The first payment to be received in this office on or before 10/29/2020 and the second payment on or before 11/30/2020."

25.     The Letter ***did not*** say "[w]e are not obligated to renew any offers provided."

26.     Without this phrase, the Letter's time-sensitive deadlines only amplified and emphasized Defendant's message that Defendant's offers were truly time bound.

27.     On information and belief, however, Defendant's settlement offers were not limited to just 15 days; and were likely to be "re-extended" to Plaintiff in the future.

28.     The Letter's offer is in the idiom of limited-time or one-time sale offers, clearance sales, going-out-of-business sales, and other temporary discounts – creating false sense of urgency and seeking to pressure Plaintiff into accepting Defendant's offer as quickly as possible – in fear that she would have no further chance to settle her debt for less than the full balance.

## DAMAGES

29.     Congress enacted the FDCPA to rein in certain "evils" associated with debt collection, *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

30.     To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); see also *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

31.     The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph*

5

*P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ...").

32.     The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation.

33.     But being misled in violation of an anti-trickery statute like the FDCPA is a concrete harm, nevertheless. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

34.     The Letter deceived Plaintiff into believing, *inter alia*, that once 15 days passed, she would lose the ability to satisfy her account for less than the amount owed.

35.      Concerned with having had her rights violated, Plaintiff sought counsel— expending time and incurring attorney's fees to vindicate her rights.

## CLASS ALLEGATIONS

36.     All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

37.     Plaintiff brings this action pursuant to 735 ILCS 5/2-801, individually, and on behalf of all others similarly situated ("Putative Class").

38.     The Putative Class is defined as follows:

> *All natural persons residing in the State of Illinois (a) that received a correspondence from Defendant containing similar settlement offer language highlighted in Paragraphs 23 and 24; (b) within the one (1) year preceding the date of this complaint through the date of class certification; and (c) in connection with the collection of a consumer debt.*

6

39.     The following individuals are excluded from the Putative Class: (1) any Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.     Numerosity:**

40.     Upon information and belief, Defendant mailed no less than 40 similar letters to consumers nationwide and within the state of Illinois.

41.     The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

42.     Members of the Putative Class can be objectively identified from records of Defendant to be gained in discovery.

**B.     Commonality and Predominance:**

43.     There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality:**

44.     Plaintiff's claims are representative of the claims of other members of the Putative Class.

7

45.     Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

**D.     Superiority and Manageability:**

46.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

47.     The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

48.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

49.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation:**

50.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

51.     Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

52.     Plaintiff has retained competent and experienced counsel with substantial experience in consumer law.

<u>**CLAIMS FOR RELIEF**</u>

**COUNT I:**
**Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**
**(against *MRS BPO, LLC d/b/a MRS Associates of New Jersey*)**

53.     All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. § 1692e**

54.     Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> > (10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

55.     Defendant violated 15 U.S.C. § 1692e by using language that implied that Plaintiff only had a limited time to take advantage of Defendant's settlement offer(s), when, in fact, Defendant was likely to continue to renew their offer, and would certainly be pleased to collect Plaintiff's payment at any time.

56.     Defendant's deliberate language reinforced the idea that if Plaintiff did not act immediately, she may lose the opportunity to do so forever.

57.     Plaintiff believed that if she did not pay by the deadline, then she would have no future chance to settle her debt for less than the amount owed.

58.     In *Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769 (7th Cir. 2007), the Seventh Circuit noted the tension between allowing creditors to use persuasive language to recover debts, and protecting unsophisticated consumers from "false, deceptive, or misleading representation." *See* 15 U.S.C. § 1692e(2)(A). *Evory*, 505 F.3d at 775-76. In other words, creditors often use language that implies that debtors only have a limited time to take advantage of a settlement offer, when, in fact, most creditors continue to renew their offers, and would be pleased to collect a creditor's money at any time. As the opinion notes, "[t]o accommodate the competing goals of the statute, we fashioned a safe harbor that would protect the consumer 'against receiving a false impression of his options' while encouraging debt collectors to make

9

settlement offers." *Evory*, 505 F.3d at 775-76. That safe harbor language is as follows: "We are not obligated to renew this offer."

59. The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured.

60. Plaintiff may enforce the provisions of 15 U.S.C. § 1692e pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

      (1)    any actual damage sustained by such person as a result of such failure;

      (2)

            (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

      (3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.    an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. 23;

B.    a finding that Defendant violated 15 U.S.C. § 1692e;

C.    an order enjoining Defendant from additional violation(s) of 15 U.S.C. § 1692e;

D.    an award of any actual damages sustained by Plaintiff and the Members of the Putative Class as a result of Defendant's violation(s);

E.   an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

F.   an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,00 or 1 per centum of the net worth of Defendant;

G.   an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

H.   an award of such other relief as this Court deems just and proper.

DATED: June 1, 2021                     Respectfully submitted,

                                        **LEONITA BIGOS**

                                        By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road, Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com
Attorney No: 252656

Arthur C. Czaja
LAW OFFICE OF ARTHUR C. CZAJA
7521 North Milwaukee Avenue
Niles, Illinois 60714
+1 847-647-2106
arthur@czajalawoffices.com
Attorney No: 237160

Rusty A. Payton
PAYTON LEGAL GROUP LLC
4422 North Ravenswood Avenue
Chicago, Illinois 60640
+1 773-682-5210
info@payton.legal
Attorney No. 280709

### IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
### DUPAGE COUNTY, ILLINOIS

LEONITA BIGOS f/k/a LEONITA
ERICKSON, individually, and on behalf
of all others similarly situated,

    Plaintiff,

v.

MRS BPO, LLC d/b/a MRS
ASSOCIATES OF NEW JERSEY,

    Defendant.

Case No.

### AFFIDAVIT PURSUANT TO ILLINOIS SUPREME COURT RULE 222(b)

Pursuant to Illinois Supreme Court Rule 222(b), counsel for the above-named Plaintiff

certifies that Plaintiff is seeking money damages in excess of Fifty Thousand and 00/100 Dollars

($50,000.00).

DATED: June 1, 2021             Respectfully submitted,

                               By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road, Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com
Attorney No: 252656

Arthur C. Czaja
LAW OFFICE OF ARTHUR C. CZAJA
7521 North Milwaukee Avenue
Niles, Illinois 60714
+1 847-647-2106
arthur@czajalawoffices.com
Attorney No: 237160

Rusty A. Payton
PAYTON LEGAL GROUP LLC

1

4422 North Ravenswood Avenue
Chicago, Illinois 60640
+1 773-682-5210
info@payton.legal
Attorney No. 280709

2

# EXHIBIT A



S-SFMRSA11
PCXP9T00306844 - 638431556 l06845
*Return Address :*
MRS BPO, L.L.C.
1930 OLNEY AVE.
CHERRY HILL, NJ 08003

PRESORT
FIRST-CLASS
U.S. POSTAGE &
FEES PAID
HOV SERVICES

LEONITA D BIGOS
743 E MAPLE ST
LOMBARD IL 60148-3021



Send Payment/Correspondence to:
MRS Associates of New Jersey
1930 OLNEY AVE.
CHERRY HILL, NJ 08003
888-345-9213

Office Hours:
Monday - Thursday  9am - 9pm ET
Friday  9am - 5pm ET

| | |
|---|---|
| CREDITOR: Verizon Wireless | |
| CREDITOR ACCT#: 0489xxxx0001 | |
| MRS Account#: ███████ | |
| Principal Balance: $1,980.26 | |
| Verizon Collection Fees: $356.44 | |
| **AMOUNT DUE : $2,336.70** | |

October 14, 2020

Dear LEONITA D BIGOS,

We recognize that a possible hardship or pitfall may have prevented you from satisfying your obligation. We are presenting three options that will enable you to resolve your balance. We are not obligated to renew this offer.

Option 1: A monthly payment plan on the full balance of the account.

Option 2: You pay $794.48 in ONE PAYMENT to be received in this office on or before 10/29/2020.

Option 3: You make TWO PAYMENTS of $514.08 each. The first payment to be received in this office on or before 10/29/2020 and the second payment on or before 11/30/2020.

Payment may be made by calling 888-345-9213, mailing to the above address or by using our online payment website at https://portal.mrsbpo.com (internet connection required). If you have any questions or wish to discuss other arrangements, you may contact us. Make checks payable to Verizon.

Sincerely,
MRS Associates of New Jersey
888-345-9213
MRS Associates of New Jersey is a trade name of MRS BPO, L.L.C.
Letter ID: LU7.6415319.9714385

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

VZBT002

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS**

LEONITA BIGOS f/k/a LEONITA
ERICKSON, individually, and on behalf
of all others similarly situated,

    Plaintiff,

v.

MRS BPO, LLC d/b/a MRS
ASSOCIATES OF NEW JERSEY,

    Defendant.

Case No. 2021-L-000597

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 13532114
2021L000597
FILEDATE: 6/2/2021 9:49 AM
Date Submitted: 6/2/2021 9:49 AM
Date Accepted: 6/2/2021 2:32 PM
KC

**NOTICE OF FILING**

To:   **MRS BPO, LLC d/b/a MRS Associates of New Jersey,** c/o Cogency Global Inc.,
Registered Agent, 600 S. Second St., Ste. 404, Springfield, IL 62704.


      **PLEASE TAKE NOTICE** that on **June 2, 2021**, the Plaintiff, Leonita Bigos by and
through her attorneys, Joseph S. Davidson, Arthur C. Czaja, and Payton Legal Group, LLC,
electronically filed and served the Clerk of the Eighteenth Judicial Circuit, DuPage County,
Illinois, ***PLAINTIFF'S MOTION FOR CLASS CERTIFICATION***, a copy of which is attached
hereto and hereby served upon you.


*/s/ Joseph S. Davidson*            .
Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road, Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com
Attorney No: 252656

Arthur C. Czaja
LAW OFFICE OF ARTHUR C. CZAJA
7521 North Milwaukee Avenue
Niles, Illinois 60714
+1 847-647-2106
arthur@czajalawoffices.com
Attorney No: 237160

Rusty A. Payton
PAYTON LEGAL GROUP LLC
4422 North Ravenswood Avenue
Chicago, Illinois 60640
+1 773-682-5210
info@payton.legal
Attorney No. 280709

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on **June 2, 2021** he caused a true and correct copy of this Notice and **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** to be served upon the party(ies) listed above, by attaching a copy of this Notice and **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** to the address via USPS first-class mail, postage prepaid identified above and sending the same to the party(ies) identified hereinabove at the mailing address(es) identified hereinabove at 105 S. Roselle Road, Suite 203, Schaumberg, IL 60193.

*/s/ Joseph S. Davidson* .
Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road, Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com
Attorney No: 252656

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS**

E-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 13532114
2021L000597
FILEDATE: 6/2/2021 9:49 AM
Date Submitted: 6/2/2021 9:49 AM
Date Accepted: 6/2/2021 2:32 PM
KC

LEONITA BIGOS f/k/a LEONITA
ERICKSON, individually, and on behalf
of all others similarly situated,

    Plaintiff,

v.

MRS BPO, LLC d/b/a MRS
ASSOCIATES OF NEW JERSEY,

    Defendant.

Case No. 2021-L-000597

## MOTION FOR CLASS CERTIFICATION

**NOW COMES,** Plaintiff, LEONITA BIGOS f/k/a LEONITA ERICKSON, individually,

and on behalf of all others similarly situated, through undersigned counsel, pursuant to 735 ILCS

5/2-801 *et seq*., moving the Court order Count I of this action, alleging violation of Fair Debt

Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), to proceed on class basis against

Defendant, MRS BPO, LLC d/b/a MRS ASSOCIATES OF NEW JERSEY as follows:

> **§ 1692e Class**: *All natural persons residing in the State of Illinois (a) that
> received a correspondence from Defendant containing similar settlement
> offer language highlighted in Paragraphs 23 and 24; (b) within the one
> (1) year preceding the date of this complaint through the date of class
> certification; and (c) in connection with the collection of a consumer debt.*

The following individuals are excluded from the Putative Class: (1) any Judge presiding

over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents,

successors, predecessors, and any entity in which Defendant or their parents have a controlling

interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4)

persons who properly execute and file a timely request for exclusion from the Putative Class; (5)

the legal representatives, successors or assigns of any such executed persons; and (6) persons

whose claims against Defendant have been fully and finally adjudicated and/or released.

1

In support thereof, Plaintiff states as follows:

## **NATURE OF THIS CASE**

1.      LEONITA BIGOS f/k/a LEONITA ERICKSON ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 743 East Maple Street, Lombard, Illinois 60148.

2.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

3.      MRS BPO, LLC d/b/a MRS ASSOCIATES OF NEW JERSEY, ("Defendant") is a corporation organized and existing under the laws of the state of Pennsylvania.

4.      Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.  Accordingly, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5.  Defendant mailed Plaintiff a letter, dated October 14, 2020 (the "Letter"), which stated:

| CREDITOR: Verizon Wireless |
| --- |
| CREDITOR ACCT#: 0489xxxx0001 |
| MRS Account#: ███████ |
| Principal Balance: $1,980.26 |
| Verizon Collection Fees: $356.44 |
| **AMOUNT DUE: $2,336.70** |

Dear LEONITA D BIGOS,

We recognize that a possible hardship or pitfall may have prevented you from satisfying your obligation.  We are presenting three options that will enable you to resolve your balance.  We are not obligated to renew this offer.

Option 1: A monthly payment plan on the full balance of the account.

Option 2: You pay $794.48 in ONE PAYMENT to be received in this office on or before 10/29/2020.

Option 3: You make TWO PAYMENTS of $514.08 each.  The first payment to be received in this office on or before 10/29/2020 and the second payment on or before 11/30/2020.

Payment may be made by calling 888-345-9213, mailing to the above address or by using our online payment website at https://portal.mrsbpo.com (internet connection required).  If you have any questions or wish to discuss other arrangements, you may contact us.  Make checks payment to Verizon.

Sincerely,

MRS Associates of New Jersey
888-345-9213

2

MRS Associates of New Jersey is a trade name of MRS BPO, LLC
Letter ID: LU7.6415319.9714385

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

6.      The Letter provides settlement offers; specifically, ranging from 56% to 66% off the $2,336.70 balance.

7.      The Letter indicated "[y]ou pay $794.48 in ONE PAYMENT to be received in this office on or before 10/29/2020."

8.      The Letter indicated "[y]ou make TWO PAYMENTS of $514.08 each.  The first payment to be received in this office on or before 10/29/2020 and the second payment on or before 11/30/2020."

9.      The Letter ***did not*** say "[w]e are not obligated to renew any offers provided."

10.     Without this phrase, the Letter's time-sensitive deadline only amplified and emphasized Defendant's message that Defendant's offer was truly time bound.

11.     On information and belief, however, Defendant's settlement offer was not limited to just 15 days; and was likely to be "re-extended" to Plaintiff in the future.

12.     The Letter's offer is in the idiom of limited-time or one-time sale offers, clearance sales, going-out-of-business sales, and other temporary discounts – creating false sense of urgency and seeking to pressure Plaintiff into accepting Defendant's offer as quickly as possible – in fear that he would have no further chance to settle his debt for less than the full balance.

13.     Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> > (10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

3

14. Defendant violated 15 U.S.C. § 1692e by using language that implied that Plaintiff only had a limited time to take advantage of Defendant's settlement offer(s), when, in fact, Defendant was likely to continue to renew their offer, and would certainly be pleased to collect Plaintiff's payment at any time.

15. Defendant's deliberate language reinforced the idea that if Plaintiff did not act immediately, he may lose the opportunity to do so forever.

16. In *Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769 (7th Cir. 2007), the Seventh Circuit noted the tension between allowing creditors to use persuasive language to recover debts, and protecting unsophisticated consumers from "false, deceptive, or misleading representation." *See* 15 U.S.C. § 1692e(2)(A). *Evory*, 505 F.3d at 775-76. In other words, creditors often use language that implies that debtors only have a limited time to take advantage of a settlement offer, when, in fact, most creditors continue to renew their offers, and would be pleased to collect a creditor's money at any time. As the opinion notes, "[t]o accommodate the competing goals of the statute, we fashioned a safe harbor that would protect the consumer 'against receiving a false impression of his options' while encouraging debt collectors to make settlement offers." *Evory*, 505 F.3d at 775-76. That safe harbor language is as follows: "We are not obligated to renew this offer."

17. The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured.

18. The Letter and similar letters sent to putative class members violated 15 U.S.C. § 1692e.

4

## THE FAIR DEBT COLLECTION PRACTICES ACT

19.     The FDCPA was enacted in part "to eliminate abusive debt collection practices by debt collectors . . . ." 15 U.S.C. § 1692(e). The statute is designed to protect consumers from unscrupulous collectors, regardless of the validity of the debt. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997) citing *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). The FDCPA broadly prohibits: (1) unfair or unconscionable collection methods, (2) conduct which harasses, oppresses, or abuses any debtor, and (3) any false, deceptive, or misleading statements in connection with the collection of a debt. 15 U.S.C. § 1692d-f.

20.     In enacting the FDCPA, Congress recognized the "universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule.... [The] vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce." 95 S.Rep. 382, at 3 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1697.

21.     The FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct. This intent cannot be underestimated. *Ramirez v. Apex Fin. Mgmt., LLC*, 567 F.Supp.2d 1035, 1042 (N.D. Ill. 2008); *see also Sonmore v. CheckRite Recovery Services, Inc.*, 187 F.Supp.2d 1128, 1132 (D. Minn. 2001) ("The FDCPA is a remedial strict liability statute which was intended to be applied in a liberal manner;" *Picht v. Hawks*, 77 F. Supp. 2d 1041, 1043 (D. Minn. 1999), *aff'd*, 236 F.3d 446 (8th Cir. 2001). "Proof of deception or actual damages is not necessary to make a recovery under the FDCPA." *Id.*); *Owens v. Hellmuth & Johnson PLLC*, 550 F.Supp.2d 1060, 1063 (D.

Minn. 2008) (same); and *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) ("[the FDCPA] is a remedial statute that we 'construe . . . broadly, so as to effect its purpose.'").

22.    "Congress intended the Act to be enforced primarily by consumers...." *FTC v. Shaffner*, 626 F.2d 32, 35 (7th Cir. 1980). Further, the legislative history shows that Congress clearly intended that private enforcement actions would be the primary enforcement tool of the Act. *See* 123 Cong. Rec. 28112-13 (1977) (remarks of Rep. Annunzio); 1977 U.S.Code Cong. & Adm. News, *supra* at 1700.

23.    The unsophisticated consumer standard should apply to claims under § 1692e because that standard would vindicate the FDCPA's purpose of protecting consumers of below-average sophistication and who are thus especially vulnerable to unscrupulous debt collectors. *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 997 (7th Cir. 2003). The "unsophisticated consumer" standard is an objective standard. The question is not whether Plaintiff was deceived or mislead, but rather whether an unsophisticated consumer would have been misled. *See Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 600 (N.D. Ga. 1982), on reconsideration, 555 F. Supp. 1005 (N.D. Ga. 1983).

24.    Plaintiff is seeking only statutory damages, a penalty that does not depend on proof that the recipient of the letter was misled. *E.g., Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995); *Harper v. Better Business Services, Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992); *Clomon v. Jackson*, 988 F.2d 1314, 1322 (2d Cir. 1993); *Baker v. G.C. Services Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982). All that is required is proof that the statute was violated, although even then it is within the court's discretion to decide whether and if so, how much to award, up to the $ 1,000 ceiling. *E.g., Tolentino, supra*, 46 F.3d at 651; *Clomon, supra*, 988 F.2d at 1322.

## REQUIREMENTS FOR CLASS CERTIFICATION

25.    Section 2-801 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-801,

provides:

> **Prerequisites for the maintenance of a class action.** An action
> may be maintained as a class action in any court of this State and a
> party may sue or be sued as a representative party of the class only
> if the court finds:
>
> > (1)    The class is so numerous that joinder of all
> > members is impracticable.
> >
> > (2)    There are questions of fact or law common to the
> > class, which common questions predominate over
> > any questions affecting only individual members.
> >
> > (3)    The representative parties will fairly and adequately
> > protect the interest of the class.
> >
> > (4)    The class action is an appropriate method for the
> > fair and efficient adjudication of the controversy.

26.    The 1977 Illinois statute was modeled after Rule 23 of the Federal Rules of Civil

Procedure, which governs class certification in the Federal courts. *See* Fed. R. Civ. P. 23.

27.    As soon as practicable after the commencement of an action brought as a class

action, the court shall determine by order whether it may be so maintained and describe those

whom the court finds to be members of the class. This order may be conditional and may be

amended before a decision on the merits. 735 ILCS 5/2-802. Certification of a class is within

the sound discretion of the trial court. *Haywood v. Superior Bank F.S.B.*, 244 Ill.App.3d 326,

328 (1st Dist. 1993).

28.    In a large and impersonal society, class actions are often the last barricade of

consumer protection. Generally, individual plaintiffs cannot, will not and ought not be required

to pursue what would often be trivial relief. *Hoover v. May Dep't Stores Co.*, 62 Ill. App. 3d

7

106, 378 N.E.2d 762 (1978) cites a particularly compelling statement with regard to the

philosophy to be considered in determining the basis for class certification:

> "'To consumerists, the consumer class action is an inviting procedural
> device to cope with frauds causing small damages to large groups. The
> slight loss to the individual, when aggregated in the coffers of the
> wrongdoer, results in gains which are both handsome and tempting. The
> alternatives to the class action -- private suits or governmental actions --
> have been so often found wanting in controlling consumer frauds that
> not even the ardent critics of class actions seriously contend that they are
> truly effective. The consumer class action, when brought by those who
> have no other avenue of legal redress, provides restitution to the injured,
> and deterrence of the wrongdoer.'"

*Hoover*, 62 Ill. App. 3d at 112, quoting Landers, *Of Legalized Blackmail & Legalized Theft: Consumer Class Actions & the Substance-Procedure Dilemma*, 47 So. Cal. L. Rev. 842, 845 (1974).

29.     Congress expressly recognized the propriety of a class action under the FDCPA

by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA

class action cases. As result, numerous FDCPA class actions have been certified. *Phillips v.*

*Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *McMahon v. LVNV Funding, LLC*, 807

F.3d 872 (7th Cir. 2015); *Vines v. Sands*, 188 F.R.D. 302 (N.D. IL 1999); *Nielsen v. Dickerson*,

1999 WL 350649, 1999 U.S. Dist. LEXIS 8334 (N.D. Ill. 1999); *Sledge v. Sands*, 182 F.R.D. 255

(N.D. Ill. 1998); *Shaver v. Trauner*, 1998 WL 35333712, 1998 U.S. Dist. LEXIS 19647 (C.D. Ill.

1998*) report and recommendation adopted*, 1998 WL 35333713, 1998 U.S. Dist. LEXIS 19648

(C.D. Ill. 1998); *Carroll v. United Compucred Collections, Inc.*, 2002 WL 31936511, 2002 U.S.

Dist. LEXIS 25032 (M.D. Tenn. 2002), *report and recommendation adopted in part*, 2003 WL

1903266, 2003 U.S. Dist. LEXIS 5996 (M.D. Tenn. 2003) *aff'd*, 399 F.3d 620 (6th Cir. 2005);

*Wahl v. Midland Credit Mgmt., Inc.*, 243 F.R.D. 291 (N.D. Ill. 2007); *Keele v. Wexler*, 1996 WL

124452, 1996 U.S. Dist. LEXIS 3253 (N.D. Ill. 1996), *aff'd*, 149 F.3d 589 (7th Cir. 1998); *Miller*

*v. Wexler & Wexler*, 1998 WL 60798, 1998 U.S. Dist. LEXIS 1382 (N.D. Ill 1998); *Wilborn v.*

*Dun & Bradstreet*, 180 F.R.D. 347 (N.D. Ill. 1998); *Arango v. GC Servs., LP*, 1998 WL 325257, 1998 U.S. Dist. LEXIS 9124 (N.D. Ill. 1998); *Avila v. Van Ru Credit Corp.*, 1995 WL 41425, 1995 U.S. Dist. LEXIS 461 (N.D. Ill. 1995), *aff'd sub nom. Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996); *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D. Ill. 2008); *Cotton v. Asset Acceptance,* 2008 WL 2561103, 2008 U.S. Dist. LEXIS 49042 (N.D. Ill. 2008); *Gammon v. GC Services, L.P.*, 162 F.R.D. 313 (N.D. Ill. 1995); *Zanni v. Lippold*, 119 F.R.D. 32, 35 (C.D. Ill. 1988); *Brewer v. Friedman*, 152 F.R.D. 142 (N.D. Ill. 1993) earlier opinion, 833 F. Supp. 697 (N.D. Ill. 1993).

30.    As shown below, each requirement of certification can be met.

**Numerosity**

31.    Because the language of section 2 – 801(1) is taken verbatim from Federal Rule of Civil Procedure 23(a)(1), federal case law may be considered as exegetic in deciding whether the class is so numerous that joinder is impracticable under the Illinois statute. Ill. Ann. Stat., ch. 110, par. 2 -- 801, Historical & Practice Notes, at 90 (Smith-Hurd 1983). Federal cases establish no bright line. There is no "magic number" below which there cannot be a class, but above which there can. The number of class members is relevant, not determinative. *DeMarco v. Edens* 390 F.2d 836 (2d Cir. 1968).

32.    Caselaw further dictates that "[w]here the number of class members is at best fairly small, courts require demonstration of additional reasons why joinder is impracticable." *Wood River Area Dev. Corp. v. Germania Federal Sav. & Loan Ass'n,* 198 Ill.App.3d 445, 450 (5th Dist. 1990). These additional factors include: (1) the class members' geographical distribution; (2) the ability to identify and locate the class members; (3) the degree of knowledge and sophistication of the class members and their need for protection; (4) the amount of the claims of the individual class members; and (5) the nature of the cause of action. *Id.* at 451

33.    The fact that the size of the proposed class has not been exactly determined is not

a fatal defect in the motion; a class action may proceed upon estimates as to the size of the proposed class. *Kendler v. Federated Department Stores, Inc.*, 88 F.R.D. 688 (S.D.N.Y. 1981); *Hedges Enterprises, Inc. v. Continental Group, Inc.*, 81 F.R.D. 461 (E.D. Pa. 1979); *Amswiss International Corp. v. Heublein, Inc.*, 69 F.R.D. 663 (N.D. Ga. 1975).) "The court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential to most cases in order to reach a class determination... Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 *Newberg on Class Actions* (3d ed. 1995), §7.22.

34. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time. Members of the Putative Class can be objectively identified from records of Defendant to be gained in discovery. However, Plaintiff alleges, more than 40 members of the Putative Class exist; therefore, numerosity is satisfied. *See* Miller, *An Overview of Federal Class Actions: Past, Present, and Future*, Federal Judicial Center, at 22 (1977) ("If the class has more than forty people in it, numerosity is satisfied; if the class has less than twenty-five people in it, numerosity probably is lacking; if the class has between twenty-five and forty, there is no automatic rule and other factors, \*\*\* become relevant.").

### Predominance of common questions of law or fact

35. A common question may be shown when the claims of the individual members of the class are based on the common application of a statute or they were aggrieved by the same or similar misconduct. *McCarthy v. La Salle Nat'l Bank & Trust Co.*, 230 Ill. App. 3d 628, 634, 595 N.E.2d 149, 153 (1st Dist. 1992).

36. Here, Plaintiff alleges that the common questions are whether:

    A.    Defendant violated 15 U.S.C. § 1692e by using language that implied that consumers only had a limited time to take advantage of Defendant's

settlement offer(s), when, in fact, Defendant was likely to continue to renew their offer;

B.     Defendant's omission of the safe harbor language: "[w]e are not obligated to renew this offer" fashioned in *Evory v. RJM Acquisitions Funding LLC*, violates 15 U.S.C. § 1692e; and

C.     Measure of damages.

37.     Where a question of law refers to a standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement of Rule 23(a)(2) is usually met. *Franklin v. Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984).

38.     The only individual issue is the identification of the class members, a matter capable of ministerial determination from Defendant's records.  Questions readily answerable from defendants' files do not present an obstacle to class certification. *Heastie v. Community Bank*, 125 F.R.D. 669 (N.D. Ill. 1989) (court found that common issues predominated where individual questions of injury and damages could be determined by "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank").

**Adequacy of representation**

39.     The rule also requires that the named plaintiff provide fair and adequate protection for the interests of the class. That protection involves two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); accord, *Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239, 247 (3d Cir. 1975); *In re Alcoholic Beverages Litigation*, 95 F.R.D. 321.

40.     Plaintiff understands the obligations of a class representative, and has retained

11

experienced counsel with substantial experience in consumer law.

41.    The second relevant consideration is whether the interests of Plaintiff are coincident with the general interests of the class members. Here, Plaintiff and members of the Putative Class seek money damages as the result of Defendant's unlawful collection practices, provided for by 15 U.S.C. § 1692. Given the identity of claims between Plaintiff and the class members, there is no potential for conflicting interests in this action. There is no antagonism between the interests of Plaintiff and those of the class.

### Class action is an appropriate method for the fair and efficient adjudication of this controversy

42.    Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented. *Eovaldi v. First Nat'l Bank*, 57 F.R.D. 545 (N.D. Ill. 1972). The Court is required to determine the best available method for resolving the controversy in keeping with judicial integrity, convenience, and economy. *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 189 (N.D. Ill. 1992); *Hurwitz v. R.B. Jones Corp.*, 76 F.R.D. 149 (W.D.Mo. 1977). It is proper for a court, in deciding the "best" available method, to consider the ". . . inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974).

43.    In this case there is no better method available for the adjudication of the claims which might be brought by each individual debtor. Individual cases are not economically feasible. The special efficacy of the consumer class action has been noted by the courts and is applicable to this case.

> A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied....

12

*In re Folding Carton Antitrust Lit.*, 75 F.R.D. 727, 732 (N.D. Ill. 1977).

> Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller and Kane have discussed, in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright *et al.*, §1778, at 59; *see e.g.*, *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 809 (1985) ('Class actions...may permit the plaintiff to pool claims which would be uneconomical to litigate individually.') The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.

*Lake v. First Nationwide Bank*, 156 F.R.D. 615 at 628, 629 (E.D. Pa 1994).

44. Class certification will provide an efficient and appropriate resolution of the controversy. *Zanni v. Lippold*, 119 F.R.D. 32 (C.D. Ill. 1998).

## CONCLUSION

**WHEREFORE,** for the reasons stated herein, the Court should certify Count I of this action to proceed on class basis against Defendant.

DATED: June 2, 2021                    Respectfully submitted,

                                        **LEONITA BIGOS f/k/a LEONITA ERICKSON**

                                        By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road, Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com
Attorney No: 252656

13

Arthur C. Czaja
LAW OFFICE OF ARTHUR C. CZAJA
7521 North Milwaukee Avenue
Niles, Illinois 60714
+1 847-647-2106
arthur@czajalawoffices.com
Attorney No: 237160

Rusty A. Payton
PAYTON LEGAL GROUP LLC
4422 North Ravenswood Avenue
Chicago, Illinois 60640
+1 773-682-5210
info@payton.legal
Attorney No. 280709